UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 06-80135-CR-Ryskamp/Hopkins

UNITED STATES OF AMERICA

    Plaintiff,

vs.

DAVID GIROUARD,

    Defendant.

_____/



## RESPONSE TO STANDING DISCOVERY ORDER

Comes now the United States of America, by and through its undersigned Assistant United States Attorney, and files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    The defendant, David Girouard (hereinafter "the defendant") did make a written or recorded statement. Enclosed, please find a compact disk which contains the recorded conversation with the defendant.

       2.    The defendant did not make an oral statement before or after arrest in response to interrogation <u>by any person then known to the defendant to be a government agent</u> that the United States intends to offer in evidence at trial, in addition to a personal history taken at the time of arrest.

       3.    The defendant did not testify before the grand jury in relation to the offenses charged in this case.

4.     At this time, there is an NCIC/FCIC or other arrest record of the defendant known to the government. A copy of said record is attached to defense counsel's copy of this discovery response.

5.     At this time, the books, papers, documents, photographs, tangible objects, buildings, or places **which are within the possession, custody or control of the government** and are intended to be used as evidence at trial to prove the case-in-chief or were obtained from or belong to the defendant, which are either attached to defense counsel's copy of this discovery response and/or may be viewed by contacting the undersigned or Agent Nesbitt Kuyrkendall of the FBI at (561)-833-7517, include but are not limited to the following:

    a.     Statements and records from VA facility in Massachusetts

    b.     AOL billing and connection records

    c.     Qwest connection records

    d.     USAirways flight records

    e.     Information retrieved from Defendant's phone

    f.     Text messages

    g.     Receipts from Cafepress.com

    h.     Cigular Wireless records on compact disk

You are hereby advised that the above list is a summary only, not an exhaustive list of all evidence in the government's possession which is available for your personal inspection. You are advised further that items which might be obtained at a later time pursuant to trial subpoena are not presently in the government's possession and, accordingly, are not listed above. However, if subpoenaed items come into the Government's possession before trial,

you will be provided notice regarding any such trial subpoena return so that you may inspect and copy any items obtained pursuant to trial subpoena.

6.  The examinations, tests or experiments made in this case are: <u>computer forensic report for minor's computer and defendant's computer</u>. Results and/or reports regarding such examinations, tests or experiments are attached to defense counsel's copy of this discovery response.

B.  **DEMAND FOR RECIPROCAL DISCOVERY:** The Government hereby demands notice of the existence of any of the following items in the possession, custody or control of the defendant so that the Government may exercise its right to inspect and copy said items pursuant to the Standing Discovery Order and <u>Fed.R.Crim.P</u> 16(b) and (c):

1.  Books, papers, documents photographs or tangible objects which the defendant intends to introduce as evidence in chief at trial;

2.  Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof;

3.  Written notice of any insanity defense and any expert testimony relating to any such defense.

C.  At this time, the government is not aware of information or material favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>.

D.  At this time, there are no prospective government witnesses falling within the scope of <u>Giglio</u> and <u>Napue</u>.

E.  At this time, the government is not aware of co-conspirators, accomplices or informants who will testify for the government at trial <u>who are also</u> possessed of a record of prior convictions.

F.  The defendant was not identified in a lineup, show up, photospread or similar identification proceeding.

G.  This pleading shall serve to notify the case agent to inform all agents and officers to preserve all rough notes.

H.  At this time, the government does not intend to introduce 404(b) material.

I.  The defendant is not an aggrieved person as defined by Title 18, United States Code, Section 2510(11), that is, defendant was not the subject of a wiretap. However, telephone conversations and/or meetings were consensually taped. Enclosed with defense counsel's copy of this pleading is a compact disk containing the recorded conversations.

J.  The government has ordered transcripts of all witnesses who appeared before the grand jury in this cause. You will be provided with the transcripts in accordance with Title 18, United States Code, Section 3500.

K.  This paragraph does not apply to this case.

L.  No vehicles, vessels, or aircraft were forfeited or seized.

M.  Latent prints have not been lifted or identified in this case.

O.  Prior to trial, the government will make a good faith effort to stipulate to any uncontested facts or law which may expedite the trial. Also, prior to trial, a proposed stipulation regarding the chain of custody on any physical evidence (and chemical analysis, if applicable) will be submitted to the defense for signature of defense counsel and the defendant.

## ALIBI DEMAND

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, and in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense.

The Government will advise the defense of any additional discovery which comes to the attention of the undersigned.

        Respectfully Submitted,

        R. ALEXANDER ACOSTA
        UNITED STATES ATTORNEY

By:   BRUCE E. REINHART
        ASSISTANT U.S. ATTORNEY
        FLORIDA BAR NO. 0010762
        500 Australian Avenue, Suite 400
        West Palm Beach, FL 33401
        (561) 820-8711
        (561) 820-8777 (FAX)
        Bruce.Reinhart@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Standing Discovery Order was mailed on September 2?, 2006 to

BRUCE E. REINHART
ASSISTANT UNITED STATES ATTORNEY

cc: E. Nesbitt Kuyrkendall, FBI